UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-6051-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") failed to meet the Commissioner's burden at step five. (Dkt. # 13 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1960, has a high school diploma, and has worked as a labor crew supervisor, utilities line repairer, and heavy equipment mechanic. AR at 42-44. Plaintiff was last employed in March 2009 and attempted self-employment thereafter, but this work did not rise to the level of substantial gainful activity. *Id.* at 17, 38-41, 163.

ORDER - 1

In November 2016, Plaintiff applied for benefits, alleging disability as of September 1, 2009. AR at 15. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 81-87, 90-98. After the ALJ conducted a hearing in January 2020 (*id*. at 30-53), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-24. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. *Id*. at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

1 | *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

2 | rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

3 | **IV.   DISCUSSION**

4 | At step five, the Commissioner bears the burden to show that a claimant is not disabled

5 | because he or she can perform other work that exists in significant numbers in the national

6 | economy. 20 C.F.R. § 404.1560(c)(2).

7 | In this case, the ALJ found that Plaintiff could not perform his past skilled work but was

8 | capable of transitioning to other representative unskilled and semi-skilled occupations that exist

9 | in significant numbers in the national economy. AR at 22-24.[1] The ALJ indicated that whether

10 | Plaintiff had transferable work skills was not material because the Medical-Vocational

11 | Guidelines ("the grids") would direct a finding of "not disabled" with or without transferable

12 | skills. *Id.* at 22-23.

13 | Plaintiff argues that the ALJ erred in failing to make any findings indicating that he had

14 | skills that would transfer to the semi-skilled jobs identified at step five, and therefore erred in

15 | finding that he could perform semi-skilled jobs. (Dkt. # 13 at 6.) The Court agrees that the ALJ

16 | erred in failing to make specific transferability findings before finding that Plaintiff could

17 | perform semi-skilled work. *See Barnes v. Berryhill*, 895 F.3d 702 (9th Cir. 2018) (holding that

18 | even where no grid rule states that a person of the claimant's age, education level, and work

19 | history is disabled absent transferable skills, the ALJ is required to make a transferability of

20 | skills finding under Social Security Ruling 82-41). The Commissioner did not address *Barnes* in

21 | her brief and instead relied upon unpublished Ninth Circuit cases decided prior to *Barnes*. (Dkt.

---

[1] The ALJ inaccurately described the museum attendant position as unskilled when it is in fact semi-skilled. *See* Dictionary of Occupational Titles 109.367-010, *available at* 1991 WL 646999 (Jan. 1, 2016).

ORDER - 3

# 14 at 4.) The Commissioner (dkt. # 14 at 5) also cited *Bray v. Commissioner of Social Security Administration*, 554 F.3d 1219, 1226-27 (9th Cir. 2009), which *Barnes* explicitly distinguished. *See* 895 F.3d at 706-07. As in *Barnes*, the ALJ in this case was required to enter transferability findings before finding that Plaintiff could perform semi-skilled jobs at step five and erred in failing to do so. *See* 895 F.3d at 707-08 ("Because semi-skilled work requires skills, that made transferability of skills dispositive" and the ALJ was obligated to enter written transferability findings).

        Plaintiff argues that this error is not harmless because if the 2,571 semi-skilled jobs are excluded, the ALJ did not find that the remaining 15,169 jobs constituted a significant number. (Dkt. # 15 at 4.) Indeed, other courts have found that higher numbers are not significant. *See, e.g.*, *Catherine G. v. Comm'r of Social Sec.*, 2021 WL 1541178, at *3-4 (W.D. Wash. Apr. 20, 2021) (finding 17,700 national jobs is not a significant number); *Dillon v. Saul*, 2021 WL 1124300, at *5 (D. Nev. Mar. 24, 2021) (finding 20,100 national jobs would not be a significant number). Although the Ninth Circuit has declined to create a bright-line rule regarding how many jobs is a significant number, a survey of other decisions is instructive in determining whether a specific number is significant. *See Beltran v. Astrue*, 676 F.3d 1203, 1206-07 (9th Cir. 2012).

        Although the Court is aware that some courts[2] have found job numbers lower than 15,169 to be significant, these findings are not binding on this Court and appear inconsistent with the

---

[2] *See, e.g.*, *Montalbo v. Colvin*, 231 F.Supp.3d 846, 863 (D. Haw. 2017) (finding 12,300 national jobs to be a significant number); *Christine P. v. Comm'r of Social Sec. Admin.*, 2021 WL 1649887, at *4 (D. Or. Apr. 27, 2021) (finding 14,900 national jobs to be a significant number); *Mark M. v. Comm'r of Social Sec. Admin.*, 2020 WL 7695848, at *4 (D. Or. Dec. 28, 2020) (finding 14,355 national jobs to be significant); *Aguilar v. Colvin*, 2016 WL 3660296, at *3 (C.D. Cal. Jul. 8, 2016) (finding 11,850 national jobs to be a significant number); *Evans v. Colvin*, 2014 WL 3845046, at *1 (C.D. Cal. Aug. 4, 2014) (finding 6,200 national jobs to be a significant number); *Hoffman v. Astrue*, 2010 WL 1138341, at *6-7 (W.D. Wash. Mar. 19, 2010) (finding 9,000 national jobs to be a significant number).

ORDER - 4

Ninth Circuit's guidance that whether 25,000 jobs is a significant number is a "close call." *See Gutierrez v. Comm'r of Social Sec.*, 740 F.3d 519, 519 (9th Cir. 2014). Because the ALJ identified far fewer than 25,000 jobs that Plaintiff can perform, the Court finds that the ALJ failed to meet the Commissioner's burden at step five and must reconsider those findings on remand.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the step-five findings, and, if necessary, enter explicit transferability findings regarding Plaintiff's skills.

Dated this 28th day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge